ADOPTION OF KRISTIN (and two companion cases). No. 96-P-1494. August 27, . 1997. *Adoption,* Visitation rights.

The biological mother of three children appeals from a decree of the Hampden County Probate and Family Court denying her request for scheduled visitation. This was a proceeding pursuant to G. L. c. 210, § 3, in which the mother surrendered her parental rights and sought only postadoption visitation with the children.

After trial the judge concluded that a present visitation schedule would not be in the best interests of the children. This was based upon the mother's history of physical abuse of two of the children, the lack of a substantial relationship with any of the children, and also her harassment of the adoptive parents during their status as preadoptive custodians. However, the trial judge also found that it would not be in the children's best interests to prohibit future contact with their biological mother, and then left such visitation or contact in the discretion of the adoptive parents.

The Department of Social Services (department) suggests that the decree in this case should be construed as comporting with *Adoption of Gwendolyn*, 29 Mass. App. Ct. 130, 131-132 (1990). In that case the judge ordered all rights terminated. In the case at bar the judge did not terminate all parental rights but left the issue of future visitation to the discretion of the adoptive parents. He expressly found that a prohibition of future contact would *not* be in the children's best interests, a significantly different result than in *Gwendolyn*.[1] There is nothing in the decree that establishes any formal means for the biological mother to request visitation of the adoptive parents, people who in their own interest seemingly would prefer never to have contact with her. The adoptive mother is also the sister of the biological father, and animosity between the two mothers runs deep. The biological father (who still has a relationship with the biological mother) has obtained postadoption visitation by virtue of a court-approved agreement he negotiated with his sister and the department. Additionally, there is nothing in the decree indicating to the adoptive parents what is expected of them should they receive a reasonable request for visitation from the biological mother.

We do not suggest that the biological mother be informed of the

---

[1] There was no cross appeal, and the propriety of the judge's conclusion in the biological mother's favor (that prohibiting future contact was not in the children's best interests) is not before us.

whereabouts of the adoptive parents or the three children. Cf. *Adoption of Abigail,* 23 Mass. App. Ct. 200 (1986). The decree implies that she at least be able to request visitation. Whether visitation will ever occur should remain in the discretion of the adoptive parents. *Adoption of Gwendolyn, supra.*

This matter is remanded to the Probate Court for further proceedings to establish an appropriate mechanism for the biological mother to request visitation, and for the adoptive parents to respond to such a request. Such proceedings are to commence within thirty days after the docketing of the rescript in the Probate Court.

*So ordered.*

*Brian F. McKenna* for the mother.

*Ann Balmelli O'Connor* for Department of Social Services.

*Elizabeth A. Sickelco* for the children.